# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ALEXANDER D. SEVILLET, )
#91842 )
)
    Plaintiff, )   2:11-cv-00813-PMP-PAL
)
vs. )
) **ORDER**
MIKE MASSA, )
)
    Defendant. )
_____/

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On July 25, 2011, the court dismissed this action for failure to state a claim for which relief may be granted (docket #13), and judgment was entered (docket #15). Notwithstanding the fact that this case was closed, plaintiff filed an amended complaint on August 5, 2011 (docket #17). This amended complaint must be stricken. The court notes that a preliminary review of the amended complaint shows that while the allegations set forth there do not implicate plaintiff's rights under § 1983, they may possibly implicate plaintiff's right to habeas corpus relief.

    Also before the court is defendant's bill of costs (docket #16). Defendant seeks the $350 fee for filing the petition for removal of a state action to federal court.

    While Federal Rule of Civil Procedure 54(d)(1) establishes a rebuttable presumption that the prevailing party will be awarded its taxable costs, it also vests discretion in the district court to refuse to do so. *Ass'n of Mexican-Am. Educators v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). A district court must specify its reasons for its refusal to award costs. *Id*.

1  A prevailing party is entitled to recover costs even in the case of indigent prisoner litigants who have been granted leave to proceed *in forma pauperis*. *Monroe v. U.S. Marshals*, 101 F.3d 706, 1996 WL 665147 *2 (9th Cir. 1996). However, in a civil rights action, consideration of a plaintiff's limited resources is an appropriate reason for denial of costs. *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593; *see also Tubbs v. Sacramento County Jail*, 258 F.R.D. 657, 661 (E.D. Cal. 2009). Additionally, it is particularly important to consider the impact on future *pro se* inmate litigants asserting Section 1983 claims, as "imposing costs on losing civil rights plaintiffs of modest means may chill civil rights litigation." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999); *see also Tubbs*, 258 F.R.D. at 661.

Here, the court notes that plaintiff's application to proceed *in forma pauperis* in a past habeas filing (*Sevillet v. Commissioner Morales, et al.*, 2:07-cv-00268-JCM-LRL) indicated that plaintiff has access to limited resources. Based on such limited resources and more importantly on the possibility that the imposition of the award would have a chilling effect on future *pro se* civil rights litigants, an award of costs against plaintiff would be inequitable. Further, given that this litigation did not proceed beyond the initial screening pursuant to 28 U.S.C. § 1915A(a), there are no facts regarding the parties' conduct during litigation or the merits of the case that would weigh in favor of awarding costs to the defendant. Accordingly, defendant's bill of costs (docket #16) is denied.

**IT IS THEREFORE ORDERED** that defendant's bill of costs (docket #16) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall **STRIKE** plaintiff's amended complaint (docket #17).

DATED: August 24, 2011.

PHILIP M. PRO
United States District Judge